478 August 21, 2024 No. 583

*This is a nonprece dential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. M. S.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

J. M. S.,
*Appellant.*

Baker County Circuit Court
22CC02002; A179955

Keith M. Garza, Judge.

Submitted November 30, 2023.

Joseph R. DeBin and Multnomah Defenders, Inc. filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Reversed.

**SHORR, P. J.**

In this civil commitment case, appellant seeks reversal of the trial court's order recommitting him for a period not to exceed 180 days. He argues that the record lacks clear and convincing evidence that he is unable to provide for his basic needs due to a mental disorder. ORS 426.005(1)(f)(B). We agree with appellant and, accordingly, reverse.

Appellant has not requested *de novo* review, nor do we provide it. *See* ORS 19.415(3)(b) (allowing discretionary *de novo* review in equitable proceedings; ORAP 5.40(8)(c) (we exercise such discretion "only in exceptional cases"). "[W]e view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *State v. C. H.*, 306 Or App 63, 64, 473 P3d 60 (2020) (internal quotation marks omitted).

Under ORS 426.307(6), the trial court may continue the involuntary commitment of a person if it determines by clear and convincing evidence that "the person is still a person with mental illness and is in need of further treatment." As applicable here, a "[p]erson with mental illness" is defined as "a person who, because of a mental disorder, is * * * [u]nable to provide for basic personal needs that are necessary to avoid serious physical harm in the near future, and is not receiving such care as is necessary to avoid such harm." ORS 426.005(1)(f)(B). A person meets that definition "if the person is unable to provide for his or her basic personal needs in a way that leaves the person at nonspeculative risk of 'serious physical harm'—meaning that the person's safe survival will be compromised—in the near future, even though that risk is not imminent." *State v. M. A. E.*, 299 Or App 231, 240, 448 P3d 656 (2019) (quoting ORS 426.005(1)(f)(B)). We "look at the record *as a whole* to determine whether the evidence was sufficient for commitment." *State v. M. B.*, 300 Or App 522, 527, 452 P3d 1006 (2019) (emphasis in original).

Having reviewed the record, we conclude that the evidence was legally insufficient for continued commitment.

At the hearing in October 2022, the evidence included the following. Appellant has a diagnosis of schizophrenia; his symptoms include agitation, paranoia, delusions, and auditory hallucinations, and his insight into his mental illness is not very good. He does not agree with the diagnosis and does not believe that he has psychosis. He does not believe he needs medication and does not want to take medication. Earlier in the month, he fled from the psychiatric residential treatment facility without adequate clothing—he was not wearing shoes or a jacket—and without taking food or water with him.

Appellant testified that if released, he would try to talk to his parents and see if he could live with them, although he acknowledged that his relationship with them is "compromised" because of his behavior. As an alternative, he could stay in his car, which is parked at his parents' house. And if his parents would not allow him to stay on their property, he would talk to a friend to see if he could stay at their place. He told a psychiatrist who spoke with him that he would try to get employment at a fast-food restaurant with the goal of being able to get meals. Appellant testified that he "would medicate with marijuana" if he felt agitated or worried that people were coming to get him. The examiner testified that appellant "was unable to come up with any other supports, any plans for food, clothing, warmth, shelter other than living in his car," and expressed concern with appellant's impulsive behaviors and whether he would be able to take care of himself if he is in a heightened paranoid state. Without stating specific reasons, the trial court found that due to his mental disorder, appellant was unable to provide for his basic needs.

Notably, there was no testimony of a specific harm or even an estimated time frame in which that harm would occur.[1] A generalized statement is not sufficient by itself to establish a nonspeculative risk of serious harm. *See State v.*

---

[1] The state, in its closing argument, noted that temperatures were about to drop "almost 30 degrees from where it is now as a high. And the freezing temperatures in the night"; however, there was no testimony regarding the weather conditions or connecting weather conditions to specific concern about appellant. There was testimony that appellant was "extremely cold" when he left the facility without a jacket.

*M. C. D.*, 304 Or App 775, 782-83, 467 P3d 84 (2020) (generalized concern about lack of financial resources insufficient; concern about well-being and how the appellant would "survive out there without any benefits, without any place to go and live" not sufficient); *M. B.*, 300 Or App at 528 ("[E]ven if appellant was too disorganized to arrange shelter due to her mental disorder, and therefore was at risk of ending up homeless, we have repeatedly said that homelessness itself is not grounds for civil commitment. Although living on the streets may be inherently dangerous, such a generalized risk is not enough to justify involuntary civil commitment." (Citation omitted.)). Viewing the record as a whole, it is insufficient to support the court's finding that appellant was unable to provide for his basic personal needs to "avoid serious physical harm in the near future" under ORS 426.005(1)(f)(B).

Reversed.